OPINION JUDGMENT ENTRY
{¶ 1} On July 27, 1990, appellant, John Corum, and appellee, Sharon Corum, were married. Three children were born as issue of the marriage, John, born January 6, 1992, Skylar, born April 8, 1993, and Jared, born October 26, 1994.
 {¶ 2} On September 19, 2001, the parties filed a petition for dissolution. A hearing was held on October 22, 2001. The dissolution was granted and the decree was filed the same day.
 {¶ 3} On February 5, 2002, appellee filed a Civ.R. 60(B) motion for relief from judgment, seeking to set aside the decree. Hearings were held on July 10 and 29, 2002. By judgment entry filed October 23, 2003, the trial court granted the motion and vacated the marital property division and child support order.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court erred when it ruled on appellee's motion without allowing appellant an opportunity to complete cross-examination of appellee's witnesses, and not allowing appellant the opportunity to present evidence and witnesses on his own behalf."
 II {¶ 6} "The trial court erred when it used the wrong standard of law in determining whether to grant appellee's Civ.R. 60(B) motion."
 III {¶ 7} "It was against the manifest weight of the evidence and an abuse of discretion for the trial court to vacate the parties' decree of dissolution."
 I {¶ 8} Appellant claims the trial court erred in not allowing him the opportunity to complete his cross-examination of appellee's witnesses and present evidence on his own behalf. We disagree.
 {¶ 9} There was no record made of the trial court's hearings. Pursuant to App.R. 9(C), the trial court filed a Resolution of the Statement of Evidence on January 6, 2004. Included in this statement are the following conclusions:
 {¶ 10} "The hearing began on July 10, 2002, but due to time constraints was continued to July 29, 2002. The hearing was completed on July 29, 2002.
 {¶ 11} "* * *
 {¶ 12} "The motion to vacate did encompass two days. However, the second petitioner completed her side of the case in which she presented seven exhibits. Exhibit 1 was admitted over objection; Exhibits 2 and 3 were admitted without objection; Exhibits 4 and 5 were admitted over objection; Exhibit 6 was withdrawn by second petitioner and Exhibit 7 was admitted over objection.
 {¶ 13} "The first petitioner presented his case and one exhibit (Exhibit A) was admitted without objection. The objections to second petitioner's exhibits were overruled based upon arguments as to the weight of the evidence rather than their respective admissibility."
 {¶ 14} Based upon the state of the record, we do not find any evidence that appellant was denied the opportunity to complete cross-examination or present evidence on his own behalf.
 {¶ 15} Assignment of Error I is denied.
 II, III {¶ 16} Appellant claims the trial court used the wrong standard of law in its determination to grant the Civ.R. 60(B) motion, and the decision was against the manifest weight of the evidence. We disagree.
 {¶ 17} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. In GTE Automatic Electric Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 18} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 19} In her motion filed February 5, 2002, appellee requested relief because "the Decree of Dissolution of Marriage and the Separation Agreement should be vacated, partially set aside or modified because there were substantial omissions of assets, incomplete financial disclosure and mistakes."
 {¶ 20} In its judgment entry of October 23, 2003, the trial court found appellant "undertook a course of conduct, whether intentionally or negligently, which deprived the second petitioner of a fair and knowledgeable opinion of the total marital assets and liabilities." We find such a finding fulfills the reason set forth in Civ.R. 60(B)(1), "mistake, inadvertence, surprise or excusable neglect" therefore, the trial court did not use the wrong standard of law.
 {¶ 21} In his manifest weight argument, appellant claims appellee was never prevented from obtaining opinions, appraisals or correct information on the questioned assets therefore, her neglect should not be rewarded.
 {¶ 22} The trial court specifically found appellant willfully and negligently misled appellee. This is supported in the evidence by two examples. The first is the thirteenth hour amendment to the separation agreement crafted by appellant giving appellee twenty percent of his interest in his partnership business. See, Statement of Evidence, 1(k), 2(e) and (f), 5, 6 and 7. The second is the fact that appellee was not separated from appellant until twelve days before the final hearing date therefore, she was completely within his sphere of influence and was unrepresented by trial counsel. Statement of the Evidence, 1(b), (c), (d), (h) and (l).
 {¶ 23} Based upon appellant's testimony (Statement of the Record, 4 and 5), we find the trial court was correct and did not abuse its discretion in vacating the decree of dissolution.
 {¶ 24} Assignments of Error II and III are denied.
 {¶ 25} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Farmer, J., Hoffman, P.J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.